James R. SCOGGINS, Jr., Appellant,

v.

Lillian SCOGGINS, Appellee.

No. 866.

Court of Civil Appeals of Texas,
Tyler.

Dec. 11, 1975.

Thomas W. Pauken, Dallas, for appellant.

R. Jack Ayres, Jr., Kelsoe, McDonald & Ayres, Dallas, for appellee.

McKAY, Justice.

This is an appeal from a judgment granting a divorce, approving a property settlement and providing for the custody of two minor children.

■ At the outset we are confronted with a motion to strike portions of the transcript filed by appellee. The motion to strike is first directed at a document entitled "Motion to Correct Decree of Divorce" alleging that the court's decree contained erroneous and inaccurate statements concerning events occurring at the trial. The decree was signed by the trial judge on December 19, 1974, and the motion to correct was filed on March 21, 1975. Appellant's motion for new trial was filed December 27, 1974, and was overruled by the court on February 21, 1975, the date of signing, but the order recited that it purportedly was rendered January 31, 1975. Notice of appeal had previously been filed on February 7, 1975. Appeal bond was filed on February 21, 1975. In view of the above facts, if the trial court had not lost jurisdiction to act on such motion, which apparently it did, there is nothing in the record to show such motion was presented to the trial judge, and there is nothing to show any action thereon by him. Rule 376, T.R.C.P., provides, inter alia, that the transcript shall contain "the order of the court upon any motions or exceptions as to which complaint is made." The motion to strike instrument designated "Motion to Correct Decree of Divorce" is granted.

■ The next portion of the motion to strike complains of a document entitled "Statement of Facts" and alleges such document was filed in violation of Rule 377(d), T.R.C.P., and should be stricken. The "Statement of Facts" document is a narrative statement made and sworn to by appellant himself concerning the evidence and incidents and proceedings of the trial. Such document does not contain the approval of the counsel for appellee nor of the trial judge and is, therefore, an ex parte

affidavit which was not a part of the trial court record. We cannot consider this so-called "Statement of Facts", and the motion to strike it is granted.

■ Complaint is also made by appellee that the instrument in the transcript entitled "Bill of Exceptions" was filed in violation of Rule 372(f), (g), (h), (i) or (j), T.R. C.P., and should be stricken. Section (f) provides that bills of exceptions which are not in the statement of facts "shall be presented to the judge for his allowance and signature." There is no statement of facts nor are there any findings of fact or conclusions of law in the record. Although this bill of exception was prepared by appellant's counsel and signed by him on March 20, 1975, with a place for signature of the judge, there was no signature of such trial judge approving or disapproving the bill. So far as the record shows, there was no presentment to nor action by the trial judge. There is no bystander's bill in the record. Under the above sections of Rule 372, we cannot consider such "Bill of Exceptions" and the motion to strike same is granted. Bills of Exception which have not been approved by the trial court cannot be considered. *Burchfield v. Geitz,* 516 S.W.2d 229 (Tex.Civ.App., El Paso, 1974, no writ); *Dyches v. Ellis,* 199 S.W.2d 694 (Tex.Civ. App., Austin, 1947, no writ).

■ By his points one and two appellant complains that the trial court erred in accepting into evidence and incorporating into its decree of divorce a consent agreement between the parties (which appellant maintains he did not consent to at any time), and in ruling that he is estopped to deny such agreement. There appears in the record an instrument styled "Agreement Incident to Divorce" which was approved as to form by counsel for appellant and appellee, was signed and acknowledged before a notary public by appellant and appellee, and such agreement was made a part of the judgment of the court with respect to the division of the community property and the support of the minor children. The judg-

ment is also approved by the signature of the parties and their counsel.

There is no statement of facts in the record. There are no findings of fact or conclusions of law, and there is no request for them. Without a statement of facts we are unable to determine that appellant did not agree to the "Agreement Incident to Divorce". The document itself recites the agreement of both parties, and the judgment refers to it as a written agreement and makes it a part of the decree. There is nothing in the record before us which shows that the trial court ruled appellant was estopped to deny the agreement.

Rule 371, T.R.C.P., provides, "The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts." In the absence of a statement of facts "all presumptions consonant with reason are indulged in order to uphold the binding effect of the judgment." *Roberson Farm Equipment Co. v. Hill,* 514 S.W.2d 796 (Tex.Civ.App., Texarkana, 1974, writ ref'd, n. r. e.). See cases there cited. We are without any factual basis for determining the validity of the action of the trial court in incorporating the agreement in the judgment. We must indulge the reasonable presumption that the facts before the trial court supported his action. Appellant's points one and two are overruled.

■ By his third point appellant says the trial court erred in hearing the case on the merits without prior notice to appellant. In his brief appellant admits he was present at the trial and participated to some extent, but he also relates factual matters which we cannot consider. Appellant also argues that the local court rules were violated in trying the case on the merits on the date it was heard. Without a statement of facts or a bill of exception, we cannot consider these complaints. *Kruegel v. Johnson,* 112 S.W. 774 (Tex.Civ.App., Dallas, 1908, writ ref'd). A statement of facts of the hearing on motion for new trial is not an adequate substitute for a statement of facts of the trial itself. *Hughes v. Hughes,* 407 S.W.2d

14 (Tex.Civ.App., Waco, 1966, no writ). This point is overruled.

██ In points four and five appellant complains that he was denied a court reporter after making a proper request, and that he was denied a jury trial after properly requesting such and paying the jury fee. Appellant argues that he requested a court reporter be present to make a record. Without a statement of facts or a bill of exception, there is nothing in the record on this question for us to consider. Appellant fails to show that he could not obtain a statement of facts by any other means. *Whatley v. Whatley,* 493 S.W.2d 299 (Tex. Civ.App., Dallas, 1973, no writ); Rules 377, 378, T.R.C.P. For the same reasons as set out above, appellant's argument that he was denied a jury trial after requesting it and paying the jury fee is without merit. Evidence that the jury fee was paid is found only in appellant's testimony at the hearing on motion for new trial which may not be used to prove what ought to be in a statement of facts of the trial itself. These complaints were not preserved for review by this court. *Hughes v. Hughes,* supra. Furthermore the judgment recites, "No jury having been demanded by either of the parties, all matters in controversy, including all questions of fact and of law, were submitted to the court." As previously noted, appellant approved the judgment with his own signature. These points are overruled. *Brady v. Brady,* 255 S.W.2d 585 (Tex.Civ.App., Austin, 1953, no writ); *Garcia v. Garcia,* 444 S.W.2d 207 (Tex.Civ.App., Corpus Christi, 1969, no writ).

██ Appellant's sixth point complains that the trial court erred in denying his motion for new trial. This point does not direct our attention to any specific error alleged to have been committed. It is, therefore, not in compliance with Rules 322 and 418, T.R.C.P., and is too general to be considered.

The judgment of the trial court is affirmed.