Mary KLAGER & Gene
Klager, Appellants,

v.

Dr. Fabian WORTHING, III; O'Quinn,
Kerensky, McAninch & Laminack; and
Richard N. Laminack, Appellees.

No. 04–95–00134–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 7, 1996.

Jesse R. Castillo, Sam N. Nieto, Castillo & Nieto, Inc., San Antonio, for Appellants.

Jeffrey H. Uzick, James B. Lewis, Glover, Anderson, Chandler & Uzick, L.L.P., Houston, Thomas R. McDade, William P. Maines, McDade, Fogler, Maines & Lohse, L.L.P., Houston, Luther H. Soules, III, Sara Murray Soules & Wallace, P.C., San Antonio, for Appellees.

Before LOPEZ, GREEN and SHIRLEY BUTTS,[1] JJ.

## OPINION

GREEN, Justice.

This is an appeal from the grant of a summary judgment. Mary Klager and her husband, Gene Klager, sought legal advice from, and eventually hired the law firm of O'Quinn, Kerensky, McAninch, and Laminack and Richard Laminack ("OKM & L") regarding a claim against the manufacturer of silicone breast implants which Mary had had implanted in 1979. OKM & L recommended two physicians, Spindler and Burns, with whom Klager might consult regarding problems she was experiencing. Klager was

examined by Burns, who recommended removal of the implants. Klager went back to OKM & L and was given the name of Dr. L. Fabian Worthing as one familiar with removal of silicone implants. Klager again consulted with Burns, who verified that Worthing was performing explants and recommended that Klager contact Worthing.

After consultation, Worthing agreed to perform the explant surgery. Worthing removed the implants, breast and muscle tissue biopsies, and scar tissue capsules surrounding the implants. Pursuant to the written instructions of Mary Klager, the implants and tissue samples were turned over to Gene Klager. Later, Klager's friend and neighbor delivered them to OKM & L. The implants and tissue samples were retained by OKM & L until the breast and muscle biopsies were sent to Dr. Abraham and the scar capsules and implants were sent to Dr. Puszkin to be examined for silicone infiltration.

Several months thereafter, Klager received a call from Worthing's office requesting that she set up an appointment with Dr. Worthing. After the call from Worthing, but before the appointment, Puszkin informed Klager that he had detected "suspicious" cells in the tissue he had tested and recommended that she see Dr. Worthing. At the time of the appointment, Worthing notified Klager that Puszkin had detected cancer in the tissue he examined. Klager consulted cancer specialist Dr. Casimir, who reviewed Puszkin's report and requested that all materials removed during explant surgery be forwarded to her office for review. OKM & L and Puszkin forwarded the tissue samples to Casimir. Casimir ordered further pathology done on the samples which confirmed the presence of cancer.

As a result of the cancer findings, Dr. Ching Ho performed a bilateral mastectomy on Klager. The M.D. Anderson pathology lab tested the mastectomy tissue but found it to be cancer free. The mastectomy thus appeared to have been unnecessary.

[1]. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003(b).

OKM & L refused Klager's request to sue Worthing for failure to order pathological tests on the material removed during the explant surgery. Later, DNA testing revealed that Klager's blood sample did not match the DNA from the tissues tested by Puszkin. Klager then amended her original suit against the implant manufacturer adding OKM & L, Worthing, Puszkin, Casimir, and Ho as defendants.

Approximately six months later, OKM & L and Worthing filed motions for summary judgment. Six days after OKM & L moved for summary judgment, Klager non-suited OKM & L and Worthing. Two months after that, Klager re-filed suit against OKM & L, Worthing, Puszkin, Casimir, Ho, and TOPS Hospital, site of the explant surgery, alleging the same causes of action as those previously non-suited. Again, OKM & L and Worthing moved for summary judgment. At the summary judgment hearing, Klager urged her motion for continuance which the trial court denied. After granting OKM & L's objections to some of Klager's summary judgment response evidence, the trial court granted summary judgment in favor of OKM & L and Worthing. The remaining defendants were non-suited, making the summary judgments in favor of Worthing and OKM & L final and appealable.

Klager asserts the trial court erred by (1) refusing to grant a continuance of the hearing on Worthing's motion for summary judgment; (2) granting Worthing's motion for summary judgment; (3) sustaining OKM & L's objections to certain of Klager's summary judgment response evidence; and (4) granting OKM & L's motion for summary judgment.

In point of error one, Klager complains the trial court abused its discretion by refusing to continue the hearing on Worthing's motion for summary judgment. Klager claims that she diligently attempted to depose various TOPS Hospital employees and Dr. Worthing, but was unable to do so. Klager also argues that her counsel's affidavit demonstrated the necessity of a continuance to permit time to develop her case. Klager claims the trial court's refusal was an abuse of discretion, but cites no authority to support that asser-

tion except to note that the rules of civil procedure permit granting a continuance to allow for the acquisition of affidavits or depositions. TEX.R.CIV.P. 166a(g).

The granting or denial of a motion for continuance is within the sound discretion of the trial court and will not be disturbed absent a showing the trial court clearly abused that discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). Therefore, absent a showing that the trial court's action was arbitrary and unreasonable, its decision will not be disturbed. *Perez v. Weingarten Realty Investors*, 881 S.W.2d 490, 496 (Tex. App.—San Antonio 1994, writ denied). In the cases cited by Worthing where the denial of a continuance was found not to be an abuse of discretion, the various courts concluded as they did in part because the moving party had ample time to prepare for trial. Worthing also cites *Closs v. Goose Creek Sch. Dist.*, 874 S.W.2d 859, 867 (Tex.App.—Texarkana 1994, no writ), which requires that a movant for continuance who contends they have had insufficient time for discovery demonstrate the materiality of the evidence they expected to obtain.

Klager added Worthing and OKM & L to the implant litigation against McGhan (*Klager v. McGhan*) in July, 1993; non-suited them as defendants in January, 1994; refiled the same suit against the same defendants on March 4, 1994; Worthing answered and filed a motion for summary judgment on or about April 7, 1994; OKM & L filed a motion for summary judgment on April 21, 1994; Klager noticed depositions of certain defendants on April 14, 1994 and at various times thereafter; the trial court denied the motion for continuance and granted summary judgment for OKM & L and Worthing on July 6, 1994; Klager non-suited the remaining defendants in December, 1994.

Procedurally, Klager waived her complaint on appeal by failing to cite authority or to demonstrate how the trial court abused its discretion. Simply quoting TRCP 166a(g), which states that the trial court "may" continue a hearing for the purpose of allowing time to obtain affidavits, is not authority for

Klager's argument that the court abused its discretion.

Substantively, Klager's complaint also fails. Klager stated that she needed time to depose certain of the defendants and/or the defendant's personnel in order to prepare a controverting affidavit. As in *Closs*, Klager "did not specify what evidence [s]he hoped to procure [and] did not detail its materiality." *Closs v. Goose Creek Sch. Dist.*, 874 S.W.2d at 867. Based on the permissive language of the rule, and the fact that this action had effectively been under way for a year, we cannot say the trial court abused its discretion. Point of error number one is overruled.

Klager's second point of error asserts the trial court erred in granting Worthing's motion for summary judgment because Worthing's affidavit refers to the wrong standard of care and material fact issues remain. Klager alleges that Worthing did not fulfill the standard of care set out in his affidavit, specifically claiming he failed to order pathology tests on the tissue samples removed from her body at the time of the explantation.

Worthing responds that his summary judgment evidence sets out the appropriate standard of care and how he fulfilled it. Further, Worthing argues that because his affidavit states that nothing he did or failed to do proximately caused any harm to Klager, and is not controverted by expert evidence, the trial court properly granted summary judgment.

A summary judgment movant has the burden to establish that there are no issues of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant, to successfully move for summary judgment, must negate one or more elements of the plaintiff's case. *Edwards v. Garcia–Gregory*, 866 S.W.2d 780, 786 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Greene v. Thiet*, 846 S.W.2d 26, 29 (Tex.App.—San Antonio 1992, writ denied). However, if the defendant shows that no material fact issue exists and proves an entitlement to judgment, the burden shifts to the non-moving plaintiff to raise a fact issue to avoid summary judg-

ment. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979); *Greene v. Thiet*, 846 S.W.2d at 33. If the non-movant fails to raise a fact issue under those circumstances, the summary judgment must be affirmed. *Greene v. Thiet*, 846 S.W.2d at 33. In an action for medical malpractice, if the movant meets his burden through competent summary judgment proof, the non-movant must present expert evidence to create a fact issue. *See Hart v. Van Zandt*, 399 S.W.2d 791, 792 (Tex.1965).

Under the facts and circumstances of this case, whether Worthing's affidavit satisfactorily states the applicable standard of care is immaterial. *See Chopra v. Hawryluk*, 892 S.W.2d 229, 233–34 (Tex.App.—El Paso 1995, writ denied) (considering causation element despite failure in affidavit to set out standard of care). Worthing's motion proffers lack of causation as a proper basis for granting summary judgment and his uncontroverted affidavit repudiates any causal connection between his acts or omissions and Klager's injuries.

In his affidavit, Worthing states that prior to Klager's explant surgery he was made aware of her lawsuit against the silicone implant manufacturer and was notified of the arrangements she had made for a pathologist to review the explants, capsules and any biopsied tissue. Accordingly, Worthing was directed in writing by Klager to release the breast implants, capsules and biopsies to her and her husband's custody for transmittal to Klager's pathologist for analysis, which was done.

Absent competent contradicting evidence, Worthing's affidavit is sufficient to categorically negate one element of the plaintiff's cause of action—to wit, causation. Accordingly, summary judgment in favor of Worthing was proper. Klager's second point of error is overruled.

Point of error three complains the trial court erred by sustaining OKM & L's objections to Klager's summary judgment response evidence. Klager argues that authentication of deposition excerpts is not required and that the statement by Richard Laminack

contained in the Worthing deposition excerpt is admissible as a party-admission under Tex.R.Civ.Evid. 801(e)(2).

OKM & L objected to inclusion of an excerpt from a Worthing deposition taken in a cause styled *In re Master Silicone Breast Implant Litigation* in the course of which Richard Laminack, representing a different plaintiff, stated the following:

MR. LAMINACK: Just so the record is clear on the request by attorneys for the implants, Dr. Worthing, as well as every other hospital and plastic surgeon in town, has been admonished to save the implants as they are evidence in lawsuits, not to destroy them. And that is because the Defendants have admonished us that they are evidence in lawsuits, not to get rid of them, not to destroy them and make sure they are kept in a safe place so that they, too, can look at them.

That's why Dr. Worthing, as well as any place else in town that is involved in explanation, has some guidelines in place, at least, to make sure if there is a lawsuit going on, that the implants are properly handled and gotten to the right people.

OKM & L protested inclusion of the Worthing excerpt as inadmissible under Tex.R.Civ.P. 207 (Use of Deposition Transcripts in Court Proceedings), and as hearsay, and also because it was not authenticated or verified. Additionally, OKM & L opposed the admission of the deposition testimony excerpt of Judith Floyd taken in the suit from which the present defendants were non-suited—*Klager v. McGhan*—as hearsay, and because it was not authenticated.

■■■ Deposition excerpts no longer require authentication to be valid summary judgment proof. *McConathy v. McConathy,* 869 S.W.2d 341, 341 (Tex.1994); *see* Tex.R.Civ.P. 166a(d). Further, a deposition is not hearsay if it is taken in the same proceeding. Tex.R.Civ.Evid. 801(e)(3). Rule 207 defines "same proceeding" generally, as a suit involving the same subject matter and the same parties as the one in which the deposition was originally taken. Tex.R.Civ.P. 207(1)(b). However, even a deposition taken in a different proceeding is competent summary judgment proof if it complies with the rules of civil evidence. Tex.R.Civ.P. 207(2).

■■■ Read broadly, rule of civil evidence 801(e)(2) could be interpreted to support admission of the Worthing deposition excerpt containing Laminack's statement as a party-admission. Tex.R.Civ.Evid. 801(e)(2)(A). But an admission of what? Laminack's statement does not support the premise for which it was included as summary judgment proof—that OKM & L directed Klager's medical care through Worthing. If the statement means what Klager says it means, OKM & L admits to directing the medical care of its breast implant plaintiffs through every hospital and plastic surgeon in Houston. That is not a reasonable interpretation of the statement. We therefore conclude the trial court did not abuse its discretion in excluding the statement.

■■■ Regarding the Floyd deposition excerpts, we conclude that the deposition of Floyd was taken in the "same proceeding" as defined by rule 207 because the same parties and the same cause of action were involved. Tex.R.Civ.P. 207(1)(b). Thus, by definition Floyd's statement is not hearsay. Tex.R.Civ.Evid. 801(e)(3). However, that answers only part of the admissibility question. Rule 207(1)(a) restricts the use of a "deposition taken in the same proceeding" to use "by any person for any purpose against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof." Tex.R.Civ.P. 207(1)(a). The record does not indicate that notice was provided to OKM & L or Worthing, nor does it reflect that either of them were present or represented at the taking of the deposition. For that reason alone, the trial court's ruling sustaining OKM & L's objection to inclusion of Floyd's deposition excerpt was proper. Klager's third point of error is overruled.

Klager's fourth and final point of error complains the trial court erred by granting summary judgment in favor of OKM & L because genuine issues of material fact exist regarding her cause of action for negligence. Klager claims OKM & L (1) owed her the duty to maintain the integrity and identity of the implants and tissue samples, and (2) as-

sumed a duty to act reasonably regarding her medical care. OKM & L's summary judgment motion denies that it assumed any duty regarding Klager's medical care through its referral to a doctor for treatment.

■■■ Negligence occurs where a party (1) owing a legal duty to another, (2) breaches that duty, and (3) damage proximately results. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975). Ascertaining whether a duty exists is the threshold question. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Duty is determined by balancing the risk, foreseeability, and likelihood of injury against the social utility of the actor's conduct. *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex.1994). The preeminent consideration is the foreseeability of the risk. *El Chico Corp. v. Poole*, 732 S.W.2d at 311. One who voluntarily undertakes a particular course of action for the benefit of another assumes a duty to act and must do so as would a reasonable, prudent person under the same or similar circumstances. *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983).

■■■ We conclude that OKM & L did not assume a duty to supervise or direct Klager's medical care by virtue of its referral of Klager to Dr. Burns and, subsequently, to Dr. Worthing. This is true even if, as Klager avers, OKM & L directed the handling of the silicone implants and the tissue samples as evidence for use in the implant litigation. This is borne out by deposition testimony from Klager and her husband recognizing that experts hired by OKM & L would check only for silicone. Additionally, in the disclosure and consent form signed by Klager in anticipation of the explant surgery, she explicitly lined through and deleted language on the pre-printed form authorizing the hospital or pathologist to "care for or otherwise dispose of any tissue." The handling of the tissue samples was to be the exclusive responsibility of OKM & L for purposes of the implant litigation. Moreover, Klager signed an authorization form specifically directing the hospital, under the supervision of Dr. Worthing, to "place the requested implants and capsules or capsules and biopsy into

appropriate containers and place in the custody of Gene P. Klager."

■■■ Klager contracted with OKM & L to pursue a cause of action against a silicone breast implant manufacturer, McGhan. By virtue of that agreement, and the fact that Klager's husband delivered the implants and tissue samples to OKM & L, OKM & L assumed a duty to safeguard custody, identity, and integrity of the implants and tissue samples. We recognize that OKM & L had no duty to have Klager's tissue samples tested for cancer but, OKM & L, as custodian of the implants and tissue samples for evidentiary purposes, has an obligation to ensure that the samples being tested correspond to the individuals to whom test results are given.

■■■ Seemingly, at some point between the explantation surgery and the testing done by Puszkin, the tissue samples removed from Klager were confused with tissue samples from another person. Because OKM & L did not conclusively exclude itself as the party that mishandled the implants and tissue samples, we believe that a genuine issue of material fact remains to be resolved. Klager's fourth point of error is sustained.

Accordingly, the summary judgment in favor of the law firm of O'Quinn, Kerensky, McAninch, and Laminack and Richard Laminack is reversed and that portion of this cause is remanded to the trial court for a trial on its merits. The summary judgment granted in favor of Dr. Worthing is affirmed.