**Michael James KONKEL d/b/a Venture Fund Group, Appellant,**

v.

**Delbert OTWELL et al, Appellees.**

**No. 11–00–00292–CV.**

Court of Appeals of Texas, Eastland.

Oct. 25, 2001.

Phil Robertson, Robertson & Robertson & Silas, Clifton, for appellant.

James J. Elliott, M. Alan Nash, Coan & Elliott, L.L.P., Stephenville, for appellees.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

The trial court awarded appellees, Delbert Otwell, Bernice Otwell, Adonna Otwell, Ken Otwell, R.D. Walker, Lyra Walker, and Dennis Otwell, a default judgment against appellant, Michael James Konkel d/b/a Venture Fund Group. In its default judgment, the trial court awarded appellees $258,400 in economic damages, $775,200 in exemplary damages, and $5,000 in attorneys' fees. We affirm.[1]

Appellees entered into an agreement with appellant in which appellees would deposit funds with appellant and appellant guaranteed that the deposit would be returned in full with 12 percent interest after the original deposit had doubled in value. Moreover, appellant guaranteed that appellees would be returned 25 percent of the deposit each quarter. Appellees invested a total of $346,000 with appellant but only received $87,600 in return rather than a full return of the deposit with interest. Appellees demanded the return of their respective deposits, but none of the money invested was returned to them by appellant.

Appellees filed their original petition on October 1, 1999. Counsel for the parties agreed that appellant need not file an answer to the lawsuit while negotiations were taking place and that appellant's counsel would be given five-days notice before any action was taken by appellees. Counsel for appellees gave appellant the five-day notice on March 29, 2000. However, appellant did not file an answer, nor did he take any other action. The trial court granted a default judgment against appellant on June 29, 2000.

Appellant filed a motion for new trial on July 28, 2000. Following a hearing, the trial court denied appellant's motion.

Appellant argues that the trial court (1) lacked personal jurisdiction because of defective service, (2) abused its discretion in denying the motion for new trial, (3) abused its discretion in awarding exemplary damages three times the actual damage award, (4) violated the United States and Texas constitutional provisions on excessive fines, and (5) did not have sufficient basis from the allegations in the original petition to support a default judgment.

### Service of Process

■ In his first issue on appeal, appellant contends that service of process upon Konkel did not meet the strict standards required by the Texas Rules of Civil Procedure. Therefore, he argues that the default judgment was void and that the trial

---

1. Appellees have asked this court to order that the appellate record be supplemented to include proceedings in a criminal case filed against appellant. In their motion, appellees allege that on September 10, 2001, appellant pleaded guilty to fraudulent securities sales and misapplication of fiduciary property arising out of the same circumstances involved in this case. Because this guilty plea was not before the trial court when it made its decision in the case before us, we deny the motion.

court abused its discretion in not granting a new trial on legal grounds. A trial court commits an abuse of discretion when it reaches a decision that is arbitrary or unreasonable. See *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992)(orig.proceeding). An abuse of discretion occurs when the trial court fails to correctly analyze or apply the law. See *Walker v. Packer, supra* at 840.

■ An out-of-state defendant may be served by any neutral person in accordance with Texas procedures. See TEX. R.CIV.P. 106, 107, & 108. Appellant contends that the return of citation does not identify the particular person who was served. The return of service is as follows:

> Received these papers on the 8th day of October, 1999 at 1:03 pm to be served on *MICHAEL JAMES KONKEL dba Venture Fund Group at 909 C Whispering Way, Cottage Grove, Wisconsin 53527. I,* Deputy D. Abing, being duly sworn, depose and say that on the 20th day of October, 1999 at 2:41 p.m., executed service by delivering a true copy of the *Citation and Plaintiff's Original Petition* in accordance with state statutes in the manner marked below:

> (X) INDIVIDUAL SERVICE: Served the within-named person. (Emphasis in original)

We believe a fair reading of the citation and affidavit of service completed by Wisconsin authorities clearly shows that Michael James Konkel was the individual to be served and was the individual who was served with the citation and the original petition. The return is prima facie evidence of service even though the facts required under the Texas Rules of Civil Procedure are "recited in a form rather than filled in by the officer." *Primate Construction, Inc. v. Silver*, 884 S.W.2d

151, 152–53 (Tex.1994). Appellant's first issue on appeal is overruled.

### *Motion for New Trial*

■ In his second issue on appeal, appellant argues that he was entitled to equitable relief in connection with his motion for new trial. An equitable motion for new trial must be granted:

> [I]n any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference ... but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). A trial court abuses its discretion by not granting a new trial when all elements of the *Craddock* test are fulfilled. See *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992). Here, the trial court did not abuse its discretion in denying appellant's motion for new trial because all of the elements of the *Craddock* test were not met.

First, appellant's failure to file an answer in the period prescribed by the Texas Rules of Civil Procedure or pursuant to an agreement with appellees was not an "accident or mistake." *Craddock v. Sunshine Bus Lines, supra* at 126. Appellees' counsel notified appellant's counsel by letter sent by certified mail, return receipt requested, that appellant's answer was due within five days in accordance with the agreement. Approximately three months went by, and appellant still failed to file an answer. The "knowledge and acts" of appellant and appellant's failure to disprove the facts set forth by appellees show that appellant acted intentionally or with con-

scious indifference. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38–39 (Tex.1984).

■■■ Next, appellant was also required to set up a meritorious defense. A meritorious defense is set up by the "facts alleged in the [appellant's] motion and supporting affidavits, regardless of whether those facts are controverted." *Director, State Employees Workers' Compensation Division v. Evans,* 889 S.W.2d 266, 270 (Tex.1994). In his motion for new trial, appellant makes the broad assertion that he "has a meritorious defense." The supporting affidavit is made by counsel for appellant. Appellant did not offer his own affidavit. In the supporting affidavit, appellant's counsel merely states what he believes appellant disputes and where appellant believes the funds collected from appellees were forwarded. The affidavit is devoid of facts propounding a meritorious defense. Mere allegations of beliefs are insufficient to set up a meritorious defense. See *Director, State Employees Workers' Compensation Division v. Evans, supra* at 270 (setting up a meritorious defense is based on *facts* alleged in the motion for new trial and supporting affidavits).

■■■ Finally, appellant must show that the granting of a new trial will not cause delay or other injury to appellees. See *Craddock v. Sunshine Bus Lines, supra* at 126. Factors in determining delay or injury are: (1) offering to go to trial immediately and (2) reimbursing expenses in obtaining the default judgment. See *Director, State Employees Workers' Compensation Division v. Evans, supra* at 270. Appellant merely states in his motion for new trial that granting the motion will "cause neither delay nor injury" to appellees. This broad statement does not satisfy the requirements of *Craddock.*

Appellant did not meet any of the three prongs of the *Craddock* test. Because appellant did not satisfy any of the *Craddock* elements, the trial court did not abuse its discretion in denying his motion for new trial. Appellant's second issue on appeal is overruled.

### *Exemplary Damages*

Exemplary damages are limited to the greater of (1) two times the economic damages plus an amount equal to any noneconomic damages found by the trial court, not to exceed $750,000; *or* (2) $200,000. TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b) (Vernon 1997). This is the maximum amount of exemplary damages the trial court can award unless an exception is met under TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(c) (Vernon 1997). An exception to the limitation on amount of recovery of exemplary damages is when there has been a misapplication of fiduciary property as defined in TEX. PENAL CODE ANN. § 32.45 (Vernon Supp. 2001). Section 41.008(c)(10).

■■■ The Texas Penal Code provides a non-exclusive definition of "fiduciary." Section 32.45(a)(1) states:

(a) For purposes of this Section:

(1) "Fiduciary" includes:

(A) trustee, guardian, administrator, executor, conservator, and receiver;

(B) any other person acting in a fiduciary capacity, but not [usually] a commercial bailee ... and

(C) an officer, manager, employee, or agent carrying on fiduciary functions on behalf of a fiduciary.

Appellant is correct in his contention that the original petition did not contain words such as trustee, guardian, administrator, executor, conservator, or receiver. However, "fiduciary" is not construed in such a strict manner. See *Coplin v. State,* 585 S.W.2d 734, 735 (Tex.Cr.App.1979). In

*Coplin,* the court held that "any other person acting in a fiduciary capacity, embraces any fiduciary, including a joint venturer or partner, not enumerated in" Section 32.45(a)(1)(A). *Coplin v. State, supra* at 735.

> A person acts in a fiduciary capacity:
> [W]hen the business which he transacts, or the money or property which he handles, is not his or for his own benefit, but for the benefit of another person as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part.

*Gonzalez v. State,* 954 S.W.2d 98, 103 (Tex. App.—San Antonio 1997, no writ), citing to BLACK'S LAW DICTIONARY 625 (6th ed.1990). Appellant was handling investments for appellees. Appellant took large sums of money from appellees and promised a high return on their investment. Because appellees presented adequate proof of misapplication of fiduciary property, the trial court did not abuse its discretion in awarding the exemplary damages.

■■■ Appellant also claims violations of the United States and Texas Constitutions. Appellant argues for the first time on appeal that the exemplary damages are excessive fines and, thus, violate both constitutions. In order to present a claim to an appellate court for review, it must be apparent from the record that a timely request, objection, or motion was made and a ruling obtained. TEX.R.APP.P. 33.1(a). A constitutional claim can be waived if it is not presented to the trial court. See *Hernandez v. State Bar of Texas,* 812 S.W.2d 75, 78 (Tex.App.—Corpus Christi 1991, no writ). Because the constitutional argument was not presented to the trial court, this issue has not been preserved for appellate review. See Rule 33.1(a); see also *Miller Paper Company v. Roberts Paper Company,* 901 S.W.2d 593, 600 (Tex.App.—Amarillo 1995, no writ). Appellant's third, fourth, and fifth issues on appeal are overruled.

### *Allegations in Original Petition*

■■■ Appellant contends that the allegations in appellees' original petition are insufficient to support a default judgment. A petition will support a default judgment unless (1) the cause of action pleaded is not within the jurisdiction of the court, (2) the petition fails to give fair notice, or (3) the petition shows the claim is invalid. See *Paramount Pipe & Supply Co., Inc. v. Muhr,* 749 S.W.2d 491, 494 (Tex.1988). In this case, none of the three conditions exist. Appellees' petition supports the default judgment. Appellant's sixth issue on appeal is overruled.

The judgment of the trial court is affirmed.