Joseph William "J.W." GRAVES, Appellant

v.

Weldon W. ALDERS, Appellee.

No. 09–03–118 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 2, 2004.

Delivered March 25, 2004.

Reba A. Eichelberger, Baytown, for appellant.

Mark Morefield, Mark Morefield & Associates, Liberty, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Weldon W. Alders ("Appellee") sued Joseph William "J.W." Graves ("Appellant") for specific performance of a contract to purchase certain real estate in Liberty County. Appellee was the assignee of the person who held and subsequently exercised the option to purchase the real estate from the Graves, Partlow and Swindle families. Appellant was not an original party to the contract; he was one of the heirs of the Graves' properties, who disputed the administration of the trusts and estates established by the late William F. (W.F.) Graves and Rena N. Graves, and which included the subject property. This dispute resulted in litigation between Appellant and F.M. Graves, executor and trustee of the property. While the sale of the property was pending, Appellant and F.M. Graves entered into a separate agreement which acknowledged that the sale of the property was in the sellers' best interests, adopted the sales contract, and promised to cooperate and execute whatever documents were required to effectuate the sale. Any money from the proceeds of the sale in dispute were to be placed into the registry of the court, pending resolution of these other two lawsuits. Appellant failed to attend the closing or to execute the documents required to complete the sale and transfer. The trial court granted Appellee's motion for summary judgment, ordering Appellant to appear and execute all documents required to carry out the sale. Appellant moved for a new trial, which was denied, and he has appealed. For the reasons stated herein, we will affirm.

### Severance

In his first issue, Appellant contends the trial court erred in granting defendant's motion for severance. In response to Appellee's original petition for specific performance and damages, Appellant filed what was deemed a counterclaim and crossclaim against F.M. Graves. The counterclaims and third-party claims alleged, *inter alia*, that F.M. Graves breached his fiduciary obligations as trustee of the estates of W.F. Graves, deceased and Rena N. Graves, deceased. Appellee moved to sever these claims urging that the claims did not arise out of the same transaction, and that "[P]laintiff will suffer undue hardship, expense and delay should Defendant's claims not be severed herefrom as Defendant's claims encompass estate and trust related activity which occurred over a forty year period and to which Plaintiff is not a beneficiary, a fiduciary nor an otherwise interested party." The trial judge ordered the counterclaim and third-party claims severed from the main action.

▆▆▆ Texas Rule of Civil Procedure provides, in part, that "[A]ny claim against a party may be severed and proceeded with separately." However, "[s]everance in a trial court is proper only when the suit involves two or more separate and distinct causes of action. Each of these causes must be such that it could be properly tried and determined as if it were the only claim in controversy." *Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n of Tex.*, 798 S.W.2d 560, 564 (Tex. 1990). The trial court's action is reviewed under the "abuse of discretion" standard. *See Arredondo v. City of Dallas*, 79 S.W.3d 657, 665 (Tex.App.-Dallas 2002, pet. denied); *Garcia v. Willman*, 4 S.W.3d 307,

311–12 (Tex.App.-Corpus Christi 1999, no pet.).

 The main cause of action seeks specific performance of a contract for the sale of real estate, per a term of that contract. Neither Appellee nor the assignor of the contractual option rights is involved in any way with the administration of the estates and trusts of the Graves family. These actions are capable of being tried separately; the facts are not so intertwined so as to make the trial court's severance order an abuse of discretion. The first issue is overruled.

### Continuance

In his second issue, Appellant contends the trial court erred in refusing his request for a continuance of the summary judgment hearing. He contends that, at a hearing held December 6, 2002, the trial court, rather than grant his requested continuance of "at least six weeks," in order to complete discovery, erroneously gave him only until December 12, 2002. Appellant argues that he met the requirements for a continuance, and contends that the denial of the continuance violated his constitutional rights to due process and open courts, as well as certain rights set forth in the Probate and Property Codes.

 The record does not show that Appellant's contention that his constitutional and statutory rights were violated by the trial court's failure to grant his requested continuance was ever presented to the trial court. Such constitutional and statutory claims can be waived if not timely presented. Because the issues on due process, violation of open courts, and rights under the Probate and Property Codes were not raised before the trial court, they have not been preserved for appellate review. See Konkel v. Otwell, 65 S.W.3d 183, 188 (Tex. App.-Eastland 2001, no pet.); Wren v. Texas Employment Comm'n, 915 S.W.2d 506,

509 (Tex.App.-Houston [14th Dist.] 1995, no pet.); Benson v. City of San Antonio, 715 S.W.2d 143, 144 (Tex.App.-San Antonio 1986, writ ref'd n.r.e.).

 The granting or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion, i.e., that the trial court's action was arbitrary and unreasonable. See Klager v. Worthing, 966 S.W.2d 77, 80 (Tex.App.-San Antonio 1996, writ denied); Levinthal v. Kelsey–Seybold Clinic, P.A., 902 S.W.2d 508, 510 (Tex.App.-Houston [1st Dist.] 1994, no pet.). Levinthal considered a non-exclusive list of factors in deciding whether the trial court had abused its discretion: (1) the length of time the case has been on file; (2) the materiality of the discovery sought; and (3) whether due diligence was exercised in obtaining the discovery. Id.

 Although not properly placed in the record, see infra, the appendix to Appellant's Amended Brief indicates that the depositions of Sherri Landriault and Appellee were taken by Appellant on December 10, 2002, prior to the summary judgment hearing. F.M. Graves was not noticed for deposition. Ed Pickett was never noticed for deposition. Appellant had four months to conduct discovery. The trial court did not abuse its discretion in refusing to continue the hearing on the motion for summary judgment on the main action for six weeks. The second issue is overruled.

### Error in Granting Summary Judgment

In his third issue, Appellant contends the trial court erred in granting Appellee's motion for summary judgment because there was no competent summary judgment evidence in support thereof. Appellant raises a number of issues interspersed

through this section of his brief. We will attempt to address the issues in an orderly fashion.

Summary judgment is authorized if "the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and ... the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." Tex.R. Civ. P. 166a(c). The standards for reviewing summary judgment are: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985). "Questions of law are reviewed de novo and will be upheld if the judgment can be sustained on any legal theory supported by the evidence." *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 558 (Tex.App.-Texarkana 2003, pet. filed).

■■ We first address Appellant's contention that the affidavits supporting Appellee's motion for summary judgment did not constitute proper summary judgment evidence. Before the trial court, Appellant objected to Appellee's summary judgment evidence, specifically, the affidavits of at-torneys Ed Pickett, Ron Norwood, and Mark Morefield, on the grounds that they were "interested witnesses" and that the attachments to the affidavits were hearsay. The record, however, does not reflect that the trial court ever specifically ruled on these objections. The failure to obtain a written ruling on objections to summary judgment evidence waives the issue, unless the record reflects an "implicit" ruling thereon by the trial court. Tex.R.App. P. 33.1(a)(1)(A). The only objection raised and implicitly ruled upon in the course of the summary judgment hearing concerned the affidavit of Mark Morefield on the issue of attorney fees. Appellant argued that the affiant failed to segregate work performed in connection with the suit from work performed for a person named Mixon. The affidavit recites that Morefield performed the work described in the affidavit incident to his representation of Appellee in the prosecution of the case against Graves. In his affidavit, Morefield swore that he had expended 27 hours at $200 per hour, would expend an additional six hours on the summary judgment proceedings, and that $6,600 would be a reasonable and necessary fee for the work he performed in the suit. The trial court did not err in overruling Appellant's objection to the affidavit.

■ Appellant also contends the trial court's rendering of summary judgment is not supported by competent summary judgment evidence and does not meet the requirements for specific performance of the Sales Contract. "A purchaser of real estate is entitled to specific performance of a contract for sale of land when the contract is valid and enforceable, and when the terms of the contract are sufficiently clear so that the parties know their obligations under the contract.... [W]hen the seller has conspicuously breached the contract, it is only necessary that the purchas-

er be ready and willing, and offers to perform within his pleadings." *Abraham Inv. Co. v. Payne Ranch, Inc.*, 968 S.W.2d 518, 527 (Tex.App.-Amarillo 1998, pet. denied) (citations omitted). "[O]ne who seeks specific performance of a real estate contract must prove that he has diligently and timely performed or tendered performance of all obligations set forth in the contract." *Texacally Joint Venture v. King*, 719 S.W.2d 652, 653 (Tex.App.-Austin 1986, writ ref'd n.r.e.).

 By the affidavit and attachments of attorney Edward Pickett, Appellee established the existence of the "Purchase Option and Land Sales Contract," the "Addendum to Purchase Option and Land Sales Contract," and the "Ratification and Extension of Purchase Option Agreement and Land Sales Contract." The unrefuted summary judgment evidence shows that the deadline for exercising the option to purchase under the original agreement and addendum was December 31, 2000, which was extended by the ratification and extension agreement to within 180 days of the date of the last signature, that date being July 23, 2001. Appellee has conclusively established that Appellee's assignor exercised his option on or about January 12, 2002, within the contractual time deadline. Appellee acquired by assignment the interests of the original purchaser on or about July 1, 2002. By the affidavit of attorney Ron Norwood and attached exhibits, Appellee established that Appellant had, by contract, agreed to cooperate with the closing of the Sales Contract. By his own affidavit and attachments, Appellee established his acquisition by assignment of the rights of the purchaser under the Sales Contract, his readiness, willingness and ability to perform his obligations under the Sales Contract, his presence at the scheduled closing ready to execute necessary documents and the failure of Appel-

lant to appear, frustrating the completion of the closing. Sherri Landriault testified by affidavit that she had been employed by Tarver Abstract Company as an examiner of title to real property for over seventeen years and had examined titles for over twenty-two years. Having examined the title and ownership of the real property which was the subject of the Sales Contract, she "determined that the legal descriptions used in the Contract were adequate to describe the real property owned by the Sellers, and that the Sellers owned either fee title, an undivided interest or held a record claim to title in the real property described in the Contract." Attached to Landriault's affidavit were the legal descriptions of twenty-three (23) separate tracts of real property which she testified was the real property that was the subject of the Sales Contract.

 Appellant purports to raise a number of alleged factual issues, such as whether the correct description appears on the option contract, whether F.M. Graves properly administered the estate and trust, and whether Appellant was properly notified of the closing. Since this transaction was agreed to by the parties, these "fact issues" cannot be material issues of fact, and do not preclude the award of summary judgment to the movant. *West Trinity Properties, Ltd. v. Chase Manhattan Mortgage Corp.*, 92 S.W.3d 866, 869 (Tex. App.-Texarkana 2002, no pet.). The issues raised by Appellant, while perhaps pertinent to the wisdom of his compromise agreement with F.M. Graves, or pertinent to the issues raised in the counterclaim and third-party claim, are not material to the transaction which is the basis of the main action in this case. The summary judgment evidence established conclusively that Appellant agreed to be bound by the terms and conditions of the Sales Contract, and he failed to live up to his agreement.

We note that Appellant relies in his argument on excerpts from the depositions of Landriault and Appellee. The record does not reflect that the Alders deposition excerpts were filed with the trial court until the motion for new trial. The trial court ordered this deposition to be included in the appellate record, but specifically ruled that it did not supplement Appellant's evidence in opposition to the motion for summary judgment. Both the Alders and Landriault deposition excerpts also appear in the Appendix to Appellant's Brief. However, we cannot consider on appeal matters not properly presented to the trial court, and such matters cannot be incorporated into the record by attaching them to a brief. *See Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 342 n. 2 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

Regarding attorney's fees, Appellee's counsel's affidavit detailed the work performed. He stated that he spent twenty-seven (27) hours on the services listed plus an additional six hours preparing for and attending the summary judgment hearing. At $200 per hour, which was stated to be reasonable, based upon the amount charged by attorneys in the area with similar experience on similar cases, the total fee claimed was $6,600. No refuting summary judgment evidence was offered by Appellant.

At the summary judgment hearing, counsel offered to reduce the attorney's fee claim to $3,300, which was the amount decreed by the Court.

Finding no error in the granting of the summary judgment, the third issue is overruled.

*Failure to Grant Motion for New Trial*

Appellant's fourth issue (referred to in the brief as point of error five), contends simply that the trial court erred in denying his motion for new trial. The mere fact of the denial of a motion for new trial is too general to be considered as a valid issue on appeal. *Scoggins v. Scoggins*, 531 S.W.2d 245, 248 (Tex.Civ.App.-Tyler 1975, no writ). Issue Four is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

DON BURGESS, Justice, concurring.

I join the majority in the result and almost all the analysis. I write only on the issue of the majority's holding that the trial court "implicitly" overruled Graves' objections to the affidavit of Mark Morefield utilizing Tex.R.App. P. 33.1(a)(1)(A). This is a reversal of this court's former stance and the adoption of the position of a beloved former colleague, the Honorable Earl B. "Smokey" Stover[1], in *Zovath v. Conroe 122, Ltd.*, No. 09–99–081–CV, 1999 WL 682701 (Tex.App.-Beaumont Aug. 31, 1999, pet. denied)(Stover, J., dissenting)(not designated for publication).

---

1. Justice Earl "Smokey" Stover served as a member of the court from January 1, 1995 through December 9, 2000.