

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00216-CV

———————————————————

WANDA BOWMAN, Appellant

V.

KWA202, LLC DBA KINGSWOOD APARTMENTS, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2022-01483-JP

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Wanda Bowman, appearing pro se, appeals the county court at law's judgment in a forcible-detainer action granting Appellee KWA202, LLC dba Kingswood Apartments possession of an apartment located in Denton, Texas. We vacate the judgment in part and affirm in part.

## I. Background

In March 2022, Bowman[1] and Appellee entered into a lease contract for an apartment. The initial lease term began on March 18, 2022, and expired on September 30, 2022. The lease expressly prohibited "smoking of any kind, that is not in accordance with . . . [l]ease addenda" and contained an addendum that forbade smoking "in any form, anywhere inside any of the dwelling units, or inside any buildings within the apartment community." The addendum made clear that "any violation of the no-smoking policy is a material and substantial violation . . . and a breach of the [lease]."

Despite the clear prohibitions in the lease, Bowman and her fellow tenants were repeatedly observed smoking in their apartment. Appellee advised Bowman and the other residents on four occasions that their smoking constituted a violation of the lease terms. Despite these admonitions, Bowman and the other residents continued

---

[1]In addition to Bowman, Andrea Clark and Amanda Griggs signed the lease as residents. The lease also listed Destiny Griggs and Jayde Alice Sims as occupants. While the county court's judgment lists Bowman, Clark, Griggs, and "all occupants" as defendants in the forcible-detainer suit, only Bowman elected to appeal.

to smoke in the apartment.  As a result, on April 18, 2022, Appellee gave Bowman and the other residents a written notice to vacate within three days.

After Bowman and the other residents failed to vacate the apartment by the deadline contained in the notice, Appellee filed a forcible-detainer action.  The justice court rendered judgment for Appellee, and Bowman and Clark appealed to County Court at Law No. 2.  On June 6, 2022, after a de novo trial, the county court signed a judgment awarding Appellee possession of the apartment as well as court costs and $1,250 in attorney's fees.  Bowman filed a notice of appeal the following day.

On June 15, 2022, the county clerk issued a writ of possession commanding the constable to deliver possession of the apartment to Appellee.  The constable executed the writ the following day, and Bowman and her co-residents no longer reside in the apartment.

## II.  Discussion

Though Bowman's appellate arguments are not entirely clear, she lists four issues in her brief.  First, she asserts that her due process rights were violated. Second, she seeks to "recover [for] the los[s]es and hardship that [she has] endure[d]" as a result of having her name "slander[ed]."  Third, she questions the validity of the lease and whether Appellee complied with its obligations thereunder.[2]  Finally, she

---

[2]This is the most difficult of Bowman's arguments to interpret. Her brief poses her appellate issue as follows:  "Is it unconstitutional for [sic] to deprive a person the right to pursue happiness by holding them hostage and you are allowing [sic] other[s to] [s]tay where they please?"  At other points in her brief, Bowman states that she

argues that the county court erred by awarding Appellee a judgment for possession of the apartment.

## A. The Possession Issue Is Moot

As a preliminary matter, we address whether this appeal is moot because Bowman has been evicted from the apartment. Because "[t]he only issue in a forcible[-]detainer action is the right to actual possession of the premises," *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006), a forcible-detainer appeal becomes moot upon an appellant's eviction from the property unless (1) the appellant asserts a meritorious claim of right to current, actual possession of the property, or (2) damages or attorney's fees remain at issue. *Martinez v. HD Tex. Invs. LLC*, No. 02-21-00178-CV, 2021 WL 4319709, at *1 (Tex. App.—Fort Worth Sept. 23, 2021, no pet.) (mem. op.); *Gillespie v. Erker*, No. 02-20-00331-CV, 2021 WL 733084, at *1 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.); *Ratliff v. Homes by Ashley, Inc.*, No. 02-20-00014-CV, 2020 WL 1057320, at *1 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.).

Because Bowman has been evicted from the apartment, the possession issue is moot unless Bowman has a meritorious claim of right to current, actual possession of the apartment. *See Martinez*, 2021 WL 4319709, at *1; *Gillespie*, 2021 WL 733084, at

---

was unhappy with the condition of the apartment; that she had asked to be let out of the lease; that Appellee was "holding [Bowman and the other tenants] hostage" by refusing to let them out of the lease; and that the lease was "illegal." Thus, we construe Bowman's third issue as a contention that Appellee had breached its obligations under the lease and that the lease was invalid.

*1; *Ratliff*, 2020 WL 1057320, at *1. The apartment lease has expired, and Bowman presents no basis for claiming a right to possession after expiration of the lease. *See Marshall*, 198 S.W.3d at 787. Thus, Bowman's appeal—as it pertains to the possession of the apartment—is moot. *See Devilbiss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *2 (Tex. App.—San Antonio May 30, 2018, pet. denied) (mem. op.).

Because the possession issue is moot, we must vacate the trial court's judgment of possession. *See Marshall*, 198 S.W.3d at 785–90 (holding that because the "case [wa]s moot . . . the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place"); *Martinez*, 2021 WL 4319709, at *1 & n.3 (similar, quoting *Marshall*); *Devilbiss*, 2018 WL 2418476, at *2.

**B.    Remaining Issues**

Although the possession issue is moot, issues independent of possession are still reviewable on appeal. *De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at *2 (Tex. App.—San Antonio Nov. 7, 2007, no pet.) (mem. op.) (citing *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.)). In addition to awarding Appellee possession of the apartment, the county court's judgment awarded Appellee costs and attorney's fees. Thus, while Bowman's fourth appellate issue—which solely pertains to possession—is moot, we may still examine her other issues in the limited context of evaluating the award of costs and attorney's fees to Appellee. *See, e.g.*, *Allen-Mercer v. Roscoe Props.*, No. 03-15-00674-CV, 2016 WL 4506294, at *5–6 (Tex. App.—Austin Aug. 25, 2016, no pet.) (mem. op.).

In her first issue, Bowman asserts that the "[t]rial [c]ourts" violated her due process rights. Because she uses the plural, it appears that she intends her due process complaint to apply to both the justice court and the county court. First, any due process complaint based on the justice court proceedings is moot because Bowman received a trial de novo in the county court. *See, e.g.*, *Stevenson v. Hous. Auth. of City of Austin*, 385 S.W.3d 684, 687 (Tex. App.—El Paso 2012, no pet.) (holding that complaint that justice court had denied appellant due process was mooted by de novo trial in county court). With respect to the proceedings in the county court, Bowman does not specifically state how her due process rights were denied, nor does she provide any substantive analysis, citations to the record, or citations to any legal authorities to show that the county court violated her right to due process. Thus, she has forfeited the issue due to inadequate briefing. *See* Tex. R. App. P. 38.1; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing); *see also Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) ("A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." (first citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); and then citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied))). Moreover, even if Bowman

6

had adequately briefed the issue, because she did not raise her due process claim in the county court, she has failed to preserve it for appellate review.[3]  *See* Tex. R. App. P. 33.1; *Franklin v. City of Fort Worth*, No. 02-12-00453-CV, 2014 WL 3696092, at *1 (Tex. App.—Fort Worth July 24, 2014, no pet.) (mem. op.) ("[B]ecause [appellant] did not raise his due process complaint in the trial court, [he] failed to preserve this complaint for appellate review."); *see also Nivens v. City of League City*, 245 S.W.3d 470, 475 n.6 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (op. on reh'g) (taxpayers failed to preserve argument that trial court violated their due process rights by granting plea to the jurisdiction when they did not raise complaint in trial court).

In her second issue, Bowman seeks damages against Appellee for slander.  But because Bowman did not assert any counterclaims requesting this affirmative relief in

---

[3]At various points in her brief, Bowman suggests that the county court erred by denying her request for a continuance to allow her additional time to retain counsel. However, "neither the Texas nor the United States Constitution guarantees a right to counsel in a civil suit." *Approximately $42,850 v. State*, 44 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  Further, because Bowman did not raise a constitutional complaint in the county court concerning the denial of her motion for continuance, she has forfeited the issue. *See, e.g.*, *Graves v. Alders*, 132 S.W.3d 12, 16 (Tex. App.—Beaumont 2004, pet. denied) (holding appellant waived claim that trial court violated due process rights by denying continuance to complete discovery). Moreover, given that Bowman's request for continuance was not made until the day of trial, even if Bowman had preserved her complaint, we could not conclude that the county court abused its discretion by denying the request. *See* Tex. R. Civ. P. 253 ("[A]bsence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown . . . ."); *Smith v. McKinney Hous. Auth.*, No. 05-08-01466-CV, 2010 WL 3529524, at *2 (Tex. App.—Dallas Sept. 13, 2010, no pet.) (mem. op. on reh'g) (holding reasonable trial judge could conclude appellant did not carry burden to show sufficient cause for continuance where appellant made only a couple of attempts to find counsel during the period between date of service of process and trial).

the county court, we cannot grant her such relief on appeal. *See Cnty. of Dall. Tax Collector v. Roman Catholic Diocese of Dall.*, 41 S.W.3d 739, 746 (Tex. App.—Dallas 2001, no pet.) ("We cannot grant appellant more relief than was requested of the trial court." (citing *CRA, Inc. v. Bullock*, 615 S.W.2d 175, 176 (Tex. 1981))); *see also* Tex. R. App. P. 43.2. Moreover, like her first issue, Bowman's second issue is inadequately briefed and therefore forfeited. *See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284; *McKinnon*, 2018 WL 3849399, at *2–3.

In her third issue, Bowman appears to challenge the validity of the lease and whether Appellee fulfilled all of its obligations thereunder. But because Bowman did not raise these issues in the county court, she has not preserved them for appeal.[4] *See* Tex. R. App. P. 33.1; *Fed. Deposit Ins. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012) ("When a party fails to preserve error in the trial court or waives an argument on appeal, an appellate court may not consider the unpreserved or waived issue."). Further, like her first two issues, this issue is inadequately briefed and therefore

---

[4]Even if we generously construe Bowman's argument as a complaint regarding the factual sufficiency of the county court's implied finding that the lease was valid, which may be raised for the first time on appeal, *see* Tex. R. App. P. 33.1(d), we still must overrule her third issue. Appellee offered signed copies of the lease and the no-smoking addendum into evidence, and Appellee's representative testified that each document had been signed by Bowman and the other tenants. Bowman elected to leave the courtroom and not participate in the evidentiary portion of the hearing and therefore did not object to any of Appellee's evidence. On this record, we cannot conclude that the credible evidence supporting the trial court's implied finding that the lease was valid is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

forfeited. *See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284; *McKinnon*, 2018 WL 3849399, at *2–3.

For the reasons set forth above, we overrule Bowman's first, second, and third issues. Accordingly, we affirm the county court's award of costs and attorney's fees to Appellee. *Cf. Devilbiss*, 2018 WL 2418476, at *3 (vacating judgment of possession but affirming judgment in all other respects); *Stewart v. Warren Props., Inc.*, No. 04-13-00141-CV, 2014 WL 470146, at *3 (Tex. App.—San Antonio Feb. 5, 2014, no pet.) (mem. op.) (same).

## III. Conclusion

We vacate the judgment in part and affirm in part. Because the possession issue is moot, we vacate the trial court's judgment of possession. We affirm the judgment in all other respects.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: March 23, 2023

9