Vernon and Rita **BENSON**, Appellants,

v.

The **CITY OF SAN ANTONIO** Acting By and Through its **WATER WORKS BOARD OF TRUSTEES**, Appellee.

No. 04–85–00578–CV.

Court of Appeals of Texas, San Antonio.

July 23, 1986.

Rehearing Denied Aug. 20, 1986.

John L. Quinlan, III and Per Hardy, San Antonio, for appellants.

Arthur C. Troilo III, Sawtelle, Goode, Davidson & Troilo, San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal of a summary judgment involving the 90–day Notice of Claim provision of the San Antonio City Charter.

The appellants, Bensons, filed a law suit alleging that agents of the defendant were responsible for water damage to the plaintiffs' rental property. The defendant answered and filed a motion for summary judgment alleging that the plaintiffs failed to give the proper 90 days written notice as required by section 150 of the Charter of the City of San Antonio. Attached to the motion was an affidavit of an assistant city clerk attesting that no written notice had been given to either the City Manager or the City Clerk concerning the plaintiffs' claim. The plaintiffs filed a written response to the motion for summary judg-

ment but offered no sworn proof controverting the defendant's summary judgment proof. The trial judge granted the motion for summary judgment.

The plaintiffs filed a motion for new trial sworn to by their attorney alleging that the requisite notice had been given to the General Manager of the City Water Board and that section 150 of the City Charter of San Antonio violated the "open courts" provisions of the Texas Constitution. The question before this court is whether such issues, raised for the first time in the motion for new trial, may be considered on appeal as grounds for reversal.

TEX.R.CIV.P. 166–A(c) states in pertinent part:

Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

The Texas Supreme Court has made clear that the import of the rule was to highlight the issues to be decided by the trial judge and prevent the non-movant from "laying behind the log" by urging deficiencies to the motion for the first time on appeal.

Thus, both the reasons for the summary judgment and the objections to it must be in writing and *before the trial judge at the hearing.* The appellate court which must later decide whether the issue was actually presented to and considered by the trial judge will then be able to examine the transcript and make its determination.

*City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979) (emphasis added). Even constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment have been held inappropriate for consideration for the first time on appeal as grounds for reversal. *City of San Antonio v. Schautteet,* 706 S.W.2d 103, 104 (Tex.1986); *Lynch v. Port of Houston Authority,* 671 S.W.2d 954, 957 (Tex.App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.).

The courts have likewise held that when a motion for new trial is filed after summary judgment has been granted, the district court may consider only the record as it existed prior to the granting of the summary judgment. *Hill v. Milani,* 678 S.W.2d 203, 205 (Tex.App.—Austin 1984), *aff'd,* 686 S.W.2d 610 (Tex.1985); *Jones v. Hubbard,* 302 S.W.2d 493, 496 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.).

Because the plaintiffs failed to raise these issues at the summary judgment hearing, we hold that they may not be assigned as error on appeal.

The summary judgment is affirmed.