In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-118 CV


____________________



JOSEPH WILLIAM "J.W." GRAVES, Appellant



V.



WELDON W. ALDERS, Appellee






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause No. 64,353






OPINION


 Weldon W. Alders ("Appellee") sued Joseph William "J.W." Graves ("Appellant")
for specific performance of a contract to purchase certain real estate in Liberty County. 
Appellee was the assignee of the person who held and subsequently exercised the option
to purchase the real estate from the Graves, Partlow and Swindle families. Appellant was
not an original party to the contract; he was one of the heirs of the Graves' properties, who
disputed the administration of the trusts and estates established by the late William F.
(W.F.) Graves and Rena N. Graves, and which included the subject property. This dispute
resulted in litigation between Appellant and F.M. Graves, executor and trustee of the
property. While the sale of the property was pending, Appellant and F.M. Graves entered
into a separate agreement which acknowledged that the sale of the property was in the
sellers' best interests, adopted the sales contract, and promised to cooperate and execute
whatever documents were required to effectuate the sale. Any money from the proceeds
of the sale in dispute were to be placed into the registry of the court, pending resolution
of these other two lawsuits. Appellant failed to attend the closing or to execute the
documents required to complete the sale and transfer. The trial court granted Appellee's
motion for summary judgment, ordering Appellant to appear and execute all documents
required to carry out the sale. Appellant moved for a new trial, which was denied, and
he has appealed. For the reasons stated herein, we will affirm. Severance 

 In his first issue, Appellant contends the trial court erred in granting defendant's
motion for severance. In response to Appellee's original petition for specific performance
and damages, Appellant filed what was deemed a counterclaim and crossclaim against
F.M. Graves. The counterclaims and third-party claims alleged, inter alia, that F.M.
Graves breached his fiduciary obligations as trustee of the estates of W.F. Graves,
deceased and Rena N. Graves, deceased. Appellee moved to sever these claims urging
that the claims did not arise out of the same transaction, and that "[P]laintiff will suffer
undue hardship, expense and delay should Defendant's claims not be severed herefrom as
Defendant's claims encompass estate and trust related activity which occurred over a forty
year period and to which Plaintiff is not a beneficiary, a fiduciary nor an otherwise
interested party." The trial judge ordered the counterclaim and third-party claims severed
from the main action. 

 Texas Rule of Civil Procedure provides, in part, that "[A]ny claim against a party
may be severed and proceeded with separately." However, "[s]everance in a trial court
is proper only when the suit involves two or more separate and distinct causes of action. 
Each of these causes must be such that it could be properly tried and determined as if it
were the only claim in controversy." Coalition of Cities for Affordable Util. Rates v.
Public Util. Comm'n of Tex., 798 S.W.2d 560, 564 (Tex. 1990). The trial court's action
is reviewed under the "abuse of discretion" standard. See Arredondo v. City of Dallas,
79 S.W.3d 657, 665 (Tex. App.--Dallas 2002, pet. denied); Garcia v. Willman, 4 S.W.3d
307, 311-12 (Tex. App.--Corpus Christi 1999, no pet.). 

 The main cause of action seeks specific performance of a contract for the sale of
real estate, per a term of that contract. Neither Appellee nor the assignor of the
contractual option rights is involved in any way with the administration of the estates and
trusts of the Graves family. These actions are capable of being tried separately; the facts
are not so intertwined so as to make the trial court's severance order an abuse of
discretion. The first issue is overruled.

Continuance

 In his second issue, Appellant contends the trial court erred in refusing his request
for a continuance of the summary judgment hearing. He contends that, at a hearing held
December 6, 2002, the trial court, rather than grant his requested continuance of "at least
six weeks," in order to complete discovery, erroneously gave him only until December 12,
2002. Appellant argues that he met the requirements for a continuance, and contends that
the denial of the continuance violated his constitutional rights to due process and open
courts, as well as certain rights set forth in the Probate and Property Codes. 

 The record does not show that Appellant's contention that his constitutional and
statutory rights were violated by the trial court's failure to grant his requested continuance 
was ever presented to the trial court. Such constitutional and statutory claims can be
waived if not timely presented. Because the issues on due process, violation of open
courts, and rights under the Probate and Property Codes were not raised before the trial
court, they have not been preserved for appellate review. See Konkel v. Otwell, 65
S.W.3d 183, 188 (Tex. App.--Eastland 2001, no pet.); Wren v. Texas Employment
Comm'n, 915 S.W.2d 506, 509 (Tex. App.--Houston [14th Dist.] 1995, no pet.); Benson
v. City of San Antonio, 715 S.W.2d 143, 144 (Tex. App.--San Antonio 1986, writ ref'd
n.r.e.). 

 The granting or denial of a continuance is within the sound discretion of the trial
court and will not be disturbed on appeal absent a showing of abuse of discretion, i.e., that
the trial court's action was arbitrary and unreasonable. See Klager v. Worthing, 966
S.W.2d 77, 80 (Tex. App.--San Antonio 1996, writ denied); Levinthal v. Kelsey-Seybold
Clinic, P.A., 902 S.W.2d 508, 510 (Tex. App.--Houston [1st Dist.] 1994, no pet.). 
Levinthal considered a non-exclusive list of factors in deciding whether the trial
court had abused its discretion: (1) the length of time the case has been on file; (2) the
materiality of the discovery sought; and (3) whether due diligence was exercised in
obtaining the discovery. Id. 

 Although not properly placed in the record, see infra, the appendix to Appellant's
Amended Brief indicates that the depositions of Sherri Landriault and Appellee were taken
by Appellant on December 10, 2002, prior to the summary judgment hearing. F.M.
Graves was not noticed for deposition. Ed Pickett was never noticed for deposition. 
Appellant had four months to conduct discovery. The trial court did not abuse its
discretion in refusing to continue the hearing on the motion for summary judgment on the
main action for six weeks. The second issue is overruled. 

Error in Granting Summary Judgment

 In his third issue, Appellant contends the trial court erred in granting Appellee's
motion for summary judgment because there was no competent summary judgment
evidence in support thereof. Appellant raises a number of issues interspersed through this
section of his brief. We will attempt to address the issues in an orderly fashion. 

 Summary judgment is authorized if "the deposition transcripts, interrogatory answers,
and other discovery responses referenced or set forth in the motion or response, and . . . the
pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified
public records, if any, on file at the time of the hearing, or filed thereafter and before
judgment with permission of the court, show that, except as to the amount of damages, there
is no genuine issue as to any material fact and the moving party is entitled to judgment as
a matter of law on the issues expressly set out in the motion or in an answer or any other
response." Tex. R. Civ. P. 166a(c). The standards for reviewing summary judgment are:
(1) the movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true; and (3) every reasonable inference must
be indulged in favor of the non-movant and any doubts resolved in its favor. Nixon v. Mr.
Property Management, Inc., 690 S.W.2d 546, 548-49 (Tex. 1985). "Questions of law are
reviewed de novo and will be upheld if the judgment can be sustained on any legal theory
supported by the evidence." Flagship Hotel, Ltd. v. City of Galveston, 117 S.W.3d 552,
558 (Tex. App.--Texarkana 2003, pet. filed).

 We first address Appellant's contention that the affidavits supporting Appellee's
motion for summary judgment did not constitute proper summary judgment evidence. 
Before the trial court, Appellant objected to Appellee's summary judgment evidence,
specifically, the affidavits of attorneys Ed Pickett, Ron Norwood, and Mark Morefield, on
the grounds that they were "interested witnesses" and that the attachments to the affidavits
were hearsay. The record, however, does not reflect that the trial court ever specifically
ruled on these objections. The failure to obtain a written ruling on objections to summary
judgment evidence waives the issue, unless the record reflects an "implicit" ruling thereon
by the trial court. Tex. R. App. P. 33.1(a)(1)(A). The only objection raised and implicitly
ruled upon in the course of the summary judgment hearing concerned the affidavit of Mark
Morefield on the issue of attorney fees. Appellant argued that the affiant failed to segregate
work performed in connection with the suit from work performed for a person named
Mixon. The affidavit recites that Morefield performed the work described in the affidavit
incident to his representation of Appellee in the prosecution of the case against Graves. In
his affidavit, Morefield swore that he had expended 27 hours at $200 per hour, would
expend an additional six hours on the summary judgment proceedings, and that $6,600
would be a reasonable and necessary fee for the work he performed in the suit. The trial
court did not err in overruling Appellant's objection to the affidavit. 

 Appellant also contends the trial court's rendering of summary judgment is not
supported by competent summary judgment evidence and does not meet the requirements for
specific performance of the Sales Contract. "A purchaser of real estate is entitled to specific
performance of a contract for sale of land when the contract is valid and enforceable, and
when the terms of the contract are sufficiently clear so that the parties know their obligations
under the contract. . . . [W]hen the seller has conspicuously breached the contract, it is only
necessary that the purchaser be ready and willing, and offers to perform within his
pleadings." Abraham Inv. Co. v. Payne Ranch, Inc., 968 S.W.2d 518, 527 (Tex. App.--Amarillo 1998, pet. denied)(citations omitted). "[O]ne who seeks specific performance of
a real estate contract must prove that he has diligently and timely performed or tendered
performance of all obligations set forth in the contract." Texacally Joint Venture v. King,
719 S.W.2d 652, 653 (Tex. App.--Austin 1986, writ ref'd n.r.e.). 

 By the affidavit and attachments of attorney Edward Pickett, Appellee established the
existence of the "Purchase Option and Land Sales Contract," the "Addendum to Purchase
Option and Land Sales Contract," and the "Ratification and Extension of Purchase Option
Agreement and Land Sales Contract." The unrefuted summary judgment evidence shows
that the deadline for exercising the option to purchase under the original agreement and
addendum was December 31, 2000, which was extended by the ratification and extension
agreement to within 180 days of the date of the last signature, that date being July 23, 2001.
Appellee has conclusively established that Appellee's assignor exercised his option on or
about January 12, 2002, within the contractual time deadline. Appellee acquired by
assignment the interests of the original purchaser on or about July 1, 2002. By the affidavit
of attorney Ron Norwood and attached exhibits, Appellee established that Appellant had, by
contract, agreed to cooperate with the closing of the Sales Contract. By his own affidavit
and attachments, Appellee established his acquisition by assignment of the rights of the
purchaser under the Sales Contract, his readiness, willingness and ability to perform his
obligations under the Sales Contract, his presence at the scheduled closing ready to execute
necessary documents and the failure of Appellant to appear, frustrating the completion of the
closing. Sherri Landriault testified by affidavit that she had been employed by Tarver
Abstract Company as an examiner of title to real property for over seventeen years and had
examined titles for over twenty-two years. Having examined the title and ownership of the
real property which was the subject of the Sales Contract, she "determined that the legal
descriptions used in the Contract were adequate to describe the real property owned by the
Sellers, and that the Sellers owned either fee title, an undivided interest or held a record
claim to title in the real property described in the Contract." Attached to Landriault's
affidavit were the legal descriptions of twenty-three (23) separate tracts of real property
which she testified was the real property that was the subject of the Sales Contract. 

 Appellant purports to raise a number of alleged factual issues, such as whether the
correct description appears on the option contract, whether F.M. Graves properly
administered the estate and trust, and whether Appellant was properly notified of the closing.
Since this transaction was agreed to by the parties, these "fact issues" cannot be material
issues of fact, and do not preclude the award of summary judgment to the movant. West
Trinity Properties, Ltd. v. Chase Manhattan Mortgage Corp., 92 S.W.3d 866, 869 (Tex.
App.--Texarkana 2002, no pet.). The issues raised by Appellant, while perhaps pertinent
to the wisdom of his compromise agreement with F.M. Graves, or pertinent to the issues
raised in the counterclaim and third-party claim, are not material to the transaction which
is the basis of the main action in this case. The summary judgment evidence established
conclusively that Appellant agreed to be bound by the terms and conditions of the Sales
Contract, and he failed to live up to his agreement. 

 We note that Appellant relies in his argument on excerpts from the depositions of
Landriault and Appellee. The record does not reflect that the Alders deposition excerpts
were filed with the trial court until the motion for new trial. The trial court ordered this
deposition to be included in the appellate record, but specifically ruled that it did not
supplement Appellant's evidence in opposition to the motion for summary judgment. Both
the Alders and Landriault deposition excerpts also appear in the Appendix to Appellant's
Brief. However, we cannot consider on appeal matters not properly presented to the trial
court, and such matters cannot be incorporated into the record by attaching them to a brief. 
See Cherqui v. Westheimer St. Festival Corp., 116 S.W.3d 337, 342 n.2 (Tex. App.--Houston [14th Dist.] 2003, no pet.). 

 Regarding attorney's fees, Appellee's counsel's affidavit detailed the work performed.
He stated that he spent twenty-seven (27) hours on the services listed plus an additional six
hours preparing for and attending the summary judgment hearing. At $200 per hour, which
was stated to be reasonable, based upon the amount charged by attorneys in the area with
similar experience on similar cases, the total fee claimed was $6,600. No refuting summary
judgment evidence was offered by Appellant.

 At the summary judgment hearing, counsel offered to reduce the attorney's fee claim
to $3,300, which was the amount decreed by the Court. 

 Finding no error in the granting of the summary judgment, the third issue is
overruled.

Failure to Grant Motion for New Trial

 Appellant's fourth issue (referred to in the brief as point of error five), contends
simply that the trial court erred in denying his motion for new trial. The mere fact of the
denial of a motion for new trial is too general to be considered as a valid issue on appeal. 
Scoggins v. Scoggins, 531 S.W.2d 245, 248 (Tex. Civ. App.--Tyler 1975, no writ). Issue
Four is overruled.

 The judgment of the trial court is affirmed. 

 AFFIRMED. 



 _____________________________

 STEVE MCKEITHEN

 Chief Justice 


Submitted on February 2, 2004

Opinion Delivered March 25, 2004

Before McKeithen, C.J., Burgess and Gaultney, JJ.


CONCURRING OPINION


 I join the majority in the result and almost all the analysis. I write only on the issue
of the majority's holding that the trial court "implicitly" overruled Graves' objections to the
affidavit of Mark Morefield utilizing Tex. R. App. P. 33.1(a)(1)(A). This is a reversal of
this court's former stance and the adoption of the position of a beloved former colleague,
the Honorable Earl B. "Smokey" Stover (1), in Zovath v. Conroe 122, LTD., No. 09-99-081-CV, 1999 WL 682701 (Tex. App.--Beaumont Aug. 31, 1999, pet. denied)(Stover, J.,
dissenting)(not designated for publication). 


 ________________________________

 DON BURGESS

 Justice


Opinion Delivered

March 25, 2004 


1. Justice Earl "Smokey" Stover served as a member of the court from January 1,
1995 through December 9, 2000.