

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00551-CV

Pablo **SOLIZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 14-02-16542-CV
Honorable David Wellington Chew, Judge Presiding[1]

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:   Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  July 22, 2015

AFFIRMED

Pablo Soliz appeals the final summary judgment rendered against him in a quo warranto

proceeding.  We affirm the trial court's judgment.

Soliz was elected constable for precinct 3 of Brooks County, Texas in November 2012,

and he took office on January 1, 2013.  On February 27, 2014, the Attorney General of the State

of Texas initiated a quo warranto proceeding against Soliz pursuant to section 66.002 of the Texas

Civil Practice and Remedies Code, alleging that Soliz had forfeited his office by failing to provide

---

[1] Sitting by assignment

evidence he had obtained a permanent peace officer license.[2]  The trial court found a probable ground for the proceeding and granted leave to file the information.  The State filed a motion for summary judgment, asserting that Soliz forfeited his office by failing to provide evidence to the Brooks County Commissioners Court that he had been issued a permanent peace officer license. The trial court granted the motion, found Soliz guilty as charged in the information, and rendered judgment removing him from office.  Soliz timely appealed.

The qualifications of office for an elected constable are set out in part in section 86.0021 of the Local Government Code.  *See* TEX. LOCAL GOV'T CODE ANN. § 86.0021 (West 2008).  The statute requires:

> On or before the 270th day after the date a constable takes office, the constable shall provide, to the commissioners court of the county in which the constable serves, evidence that the constable has been issued a permanent peace officer license under Chapter 1701, Occupations Code.

*Id.* § 86.0021(b).  A constable who fails to provide such evidence or who fails to maintain a permanent license while serving in office "forfeits the office and is subject to removal in a quo warranto proceeding under Chapter 66, Civil Practice and Remedies Code."  *Id.*

The evidence attached to the State's motion for summary judgment established that Soliz took office on January 1, 2013, that on February 11, 2014 (more than 270 days later), the Brooks County Commissioners Court requested Soliz to provide evidence he had been issued a permanent peace officer license under chapter 1701 of the Occupations Code, and that Soliz failed to provide such evidence.  In addition, the State attached the affidavit of Candice Simon, a licensed peace officer and investigator for the Texas Commission on Law Enforcement (TCOLE), the Texas agency authorized to issue peace officer licenses.  Simon's affidavit, dated April 9, 2014, states

---

[2] The State's petition alleged two additional grounds for quo warranto removal that were subsequently nonsuited.

that Soliz did not hold an active peace officer license when he assumed office and had not been issued one since taking office.

In his response to the motion for summary judgment, Soliz did not deny he does not hold a permanent peace officer license under chapter 1701 of the Occupations Code. Instead, he asserted he was not allowed to take the licensing exam because he had not obtained the required training, and he had requested TCOLE to waive the training requirements. He also asserted he had not obtained the required training because one facility refused to admit him because of his age and disability and because the county would not pay for the training.

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We take as true all evidence favorable to the respondent and we indulge all reasonable inferences and resolve any doubts in the respondent's favor. *Id.* Under Texas Rule of Civil Procedure 166a(c), the movant has the burden to establish that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Co. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If a claimant conclusively establishes its entitlement to judgment on a cause of action, the respondent may defeat the motion only by pointing to evidence that raises a fact issue as to one of the elements of the cause of action or by expressly presenting a defense and offering summary judgment evidence to establish a material fact issue on each element of the defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

On appeal, Soliz argues that he raised fact issues as to his "defenses" that his failure to obtain a permanent peace officer license was due to the wrongful conduct of third parties who failed to pay for his training and refused to admit him because of his age. However, section 86.0021 of the Local Government Code does not contain any defenses for failing to timely present evidence of licensure to the commissioners court. The facts alleged by Soliz are not material in

that they are not relevant to the question of whether Soliz complied with the statute. The undisputed evidence established that Soliz failed to provide to the commissioners court, within 270 days of taking office, evidence that he had been issued a permanent peace officer license under chapter 1701 of the Occupations Code. Section 86.0021(b) provides such failure results in forfeiture of the office. Soliz does not cite to any statutory or regulatory defenses to noncompliance or exceptions to forfeiture. The trial court therefore did not err in granting the State's motion for summary judgment.

Soliz next contends that by granting summary judgment, the trial court denied his right to a jury trial. The purpose of the summary judgment procedure is to avoid a conventional trial of clearly unmeritorious claims or untenable defenses. *City of Houston*, 589 S.W.2d at 678 n.5; *Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 469 (Tex. App.—San Antonio 1988, no pet.). Its purpose is not to deprive parties of their right to a jury trial when there are material questions of fact to be decided. *City of Houston*, 589 S.W.2d at 678 n.5; *Querner*, 747 S.W.2d at 469. "When a party cannot show a material fact issue, there is nothing to submit to a jury, and the grant of summary judgment to the opposing party does not violate the constitutional right to a jury trial." *Lattrell v. Chrysler Corp.*, 79 S.W.3d 141, 150 (Tex. App.—Texarkana 2002, pet. denied); *see Querner*, 747 S.W.2d at 469. Because there were no material fact issues to be decided in this case, the grant of summary judgment did not violate Soliz's right to a jury trial.

Soliz next contends that section 86.0021 and the TCOLE licensing regulations violate due process because they require academy training "as an unfunded government mandate." He also asserts that applying the statute to him violates due process because a training facility discriminated against him and therefore he was unable to obtain the training required for licensure. Soliz did not raise a constitutional challenge to section 86.0021 or the TCOLE regulations or to their application to him in his response to the motion for summary judgment. "Issues not expressly

presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). "Even constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment have been held inappropriate for consideration for the first time on appeal as grounds for reversal." *Benson v. City of San Antonio*, 715 S.W.2d 143, 144 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.). Because Soliz did not raise his due process arguments in the trial court, he failed to preserve the issues for our review. *See In re M.M.M.*, 428 S.W.3d 389, 397-98 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Benson*, 715 S.W.2d at 144-45.

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice